# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

### NOTICE OF HEARING SESSION

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:         **December 1, 2022**

LOCATION OF HEARING SESSION:   Daniel Patrick Moynihan U.S. Courthouse
Ceremonial Courtroom No. 9C, 9th Floor
500 Pearl Street
New York, New York 10007

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument. Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS: Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2. Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c). Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel continues to monitor the ongoing COVID-19 pandemic. **At present, the Panel intends to hear oral argument <u>in person</u>, but reserves the option to hear oral argument by videoconference or teleconference should circumstances warrant.** The Panel plans to return to its regular practice for allocating argument time. Therefore, unlike recent Hearings, the Panel will not allocate argument time in advance of the Hearing. Instead, argument time will be allocated when counsel check in at 8:00 a.m. the morning of the Hearing. The Panel shall notify the parties if there is any change to these procedures.

-2-

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district. Any change in position should be conveyed to Panel staff before the beginning of oral argument. Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **November 7, 2022.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

cc: Clerk, United States District for the Southern District of New York

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on December 1, 2022, the Panel will convene a hearing session in New York, New York, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).  **Oral argument will be heard in person unless the Panel determines that circumstances caused by the COVID-19 pandemic warrant hearing argument by videoconference or teleconference.**  Should the Panel determine that oral argument is to be conducted by videoconference or teleconference, the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this decision to counsel for all parties involved in the matters listed on the attached Schedule.

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c).  The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

SCHEDULE OF MATTERS FOR HEARING SESSION
December 1, 2022 -- New York, New York


**SECTION A**
**MATTERS DESIGNATED FOR ORAL ARGUMENT**


(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)


**MDL No. 3049 − IN RE: VERCY, LLC, TELEPHONE CONSUMER PROTECTION ACT (TCPA)  LITIGATION**

Motion of defendant Vercy, L.L.C. to transfer the following actions to the United States District Court for the Central District of California:

    <u>Eastern District of Arkansas</u>

JOHNSON−GRUVER v. VERCY, L.L.C., C.A. No. 3:22−00047

    <u>Western District of Texas</u>

SALAIZ v. VERCY, L.L.C., ET AL., C.A. No. 3:22−00224

**MDL No. 3050 − IN RE: CHANTIX (VARENICLINE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION (NO. II)**

Motion of plaintiff County of Monmouth to transfer the following actions to the United States District Court for the District of New Jersey:

    <u>Northern District of California</u>

SEELEY v. PFIZER, INC., C.A. No. 3:21−07892

    <u>Southern District of Florida</u>

ABREU v. PFIZER, INC., C.A. No. 0:21−62122
MSP RECOVERY CLAIMS SERIES 44, LLC, ET AL. v. PFIZER, INC.,
   C.A. No. 1:21−23676
HOUGHTON v. PFIZER, INC., C.A. No. 1:21−23987

    <u>Southern District of Illinois</u>

EVANS v. PFIZER, INC., C.A. No. 3:21−01263

District of New Jersey

COUNTY OF MONMOUTH v. PFIZER, INC., C.A. No. 3:22−02050

Eastern District of Pennsylvania

EDWARDS v. PFIZER, INC., C.A. No. 2:21−04275

Western District of Pennsylvania

DUFF v. PFIZER, INC., C.A. No. 2:21−01350

MDL No. 3051 − **IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Lisa Mann, et al., to transfer the following actions to the United States District Court for the Northern District of Georgia or, in the alternative, the United States District Court for the District of South Carolina:

Northern District of Alabama

UNDERWOOD, ET AL. v. ARC AUTOMOTIVE, INC., ET AL., C.A. No. 2:22−01043
LONG v. ARC AUTOMOTIVE, INC., ET AL., C.A. No. 2:22−01098

Northern District of California

BRITTON, ET AL. v. ARC AUTOMOTIVE, INC., ET AL., C.A. No. 3:22−03053

Northern District of Georgia

MANN, ET AL. v. ARC AUTOMOTIVE, INC., ET AL., C.A. No. 1:22−03285

District of South Carolina

JOPHLIN, ET AL. v. ARC AUTOMOTIVE, INC., ET AL., C.A. No. 2:22−02507

Western District of Tennessee

TAYLOR, ET AL. v. ARC AUTOMOTIVE, INC., ET AL., C.A. No. 2:22−02560

MDL No. 3052 − **IN RE: KIA HYUNDAI VEHICLE THEFT LITIGATION**

Motion of plaintiffs Katelyn McNerney, et al., to transfer the following actions to the United States District Court for the Central District of California:

Central District of California

YEGHIAIAN, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 8:22−01440
MCNERNEY, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 8:22−01548

District of Colorado

JONES v. KIA AMERICA, INC., ET AL., C.A. No. 1:22−02123

Middle District of Florida

PUE, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 6:22−01440

Northern District of Illinois

LOBURGIO, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 1:22−04071

Southern District of Iowa

BRADY, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 4:22−00252

District of Kansas

SIMMONS, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 2:22−02288

Eastern District of Kentucky

DAY v. KIA AMERICA, INC., ET AL., C.A. No. 5:22−00202

Western District of Missouri

BENDORF, ET AL. v. KIA AMERICA, ET AL., C.A. No. 4:22−00465
BISSELL v. HYUNDAI MOTOR AMERICA CORPORATION, ET AL.,
   C.A. No. 4:22−00548

District of Nebraska

HALL v. KIA AMERICA, INC., ET AL., C.A. No. 4:22−03155

Southern District of New York

MOON v. KIA AMERICA, INC., ET AL., C.A. No. 1:22−07433

Northern District of Ohio

SLOVAK, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 3:22−01432

Southern District of Ohio

FRUHLING, ET AL. v. KIA MOTORS AMERICA, INC., ET AL., C.A. No. 1:22−00451

Southern District of Texas

BODIE, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 4:22−02603

Eastern District of Wisconsin

MARVIN v. KIA AMERICA, INC., ET AL., C.A. No. 2:21−01146

MDL No. 3053 − **IN RE: NELNET SERVICING, LLC, CUSTOMER DATA SECURITY BREACH LITIGATION**

Motion of plaintiffs William Spearman, et al., and Pamela Bump, et al., to transfer the following actions to the United States District Court for the District of Nebraska:

Central District of California

KITZLER v. NELNET SERVICING, LLC, ET AL., C.A. No. 2:22−06550

District of Nebraska

HERRICK v. NELNET SERVICING, LLC, C.A. No. 4:22−03181
CARLSON v. NELNET SERVICING, LLC, C.A. No. 4:22−03184
BALLARD v. NELNET SERVICING, LLC, C.A. No. 4:22−03185
HEGARTY v. NELNET SERVICING, LLC, C.A. No. 4:22−03186
BEASLEY v. NELNET SERVICING, LLC, C.A. No. 4:22−03187
VARLOTTA v. NELNET SERVICING, LLC, C.A. No. 4:22−03188
HOLLENKAMP v. NELNET SERVICING, LLC, C.A. No. 4:22−03189
SPEARMAN, ET AL. v. NELNET SERVICING, LLC, C.A. No. 4:22−03191
MILLER v. NELNET SERVICING, LLC, C.A. No. 4:22−03193
SIMMONS v. NELNET SERVICING, LLC, C.A. No. 4:22−03194
BIRD v. NELNET SERVICING, LLC, C.A. No. 4:22−03195
JOAQUIN−TORRES v. NELNET SERVICING, LLC, C.A. No. 4:22−03196
FREEMAN, ET AL. v. NELNET SERVICING, LLC, C.A. No. 4:22−03197
SAYERS, ET AL. v. NELNET SERVICING, LLC, C.A. No. 4:22−03203
BUMP, ET AL. v. NELNET SERVICING, LLC, C.A. No. 4:22−03204

Eastern District of Tennessee

KOHRELL v. NELNET SERVICING, LLC, ET AL., C.A. No. 3:22−00314

MDL No. 3054 − **IN RE: STIVAX MARKETING AND SALES PRACTICES LITIGATION**

Motion of plaintiff Neurosurgical Care, LLC, to transfer the following actions to the United States District Court for the District of Arizona:

District of Arizona

MUNDERLOH, ET AL. v. BIEGLER GMBH, ET AL., C.A. No. 3:21−08004

Eastern District of Pennsylvania

NEUROSURGICAL CARE, LLC v. DOC SOLUTIONS LLC, ET AL.,
   C.A. No. 2:19−05751
UNITED STATES OF AMERICA v. WARREN, C.A. No. 2:21−04511

**SECTION B**
**MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT**

**MDL No. 2433 − IN RE: E. I. DU PONT DE NEMOURS AND COMPANY C−8 PERSONAL INJURY LITIGATION**

Opposition of defendants E. I. du Pont de Nemours and Company and The Chemours Company to transfer of the following action to the United States District Court for the Southern District of Ohio

Southern District of West Virginia

MATHENY v. E. I. DU PONT DE NEMOURS AND COMPANY, ET AL., C.A. No. 2:22−00320

**MDL No. 2846 − IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiff Robert D. Blaurock and defendants Brandon Cunningham, M.D.; Alaina Dresslar, P.A.; and Centurion of Kansas, LLC to transfer of the following action to the United States District Court for the Southern District of Ohio:

District of Kansas

BLAUROCK v. SOUTHWIND SURGICAL GROUP, ET AL., C.A. No. 6:22−01196

**MDL No. 2873 − IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Thomas E. McKinnon, at al., and defendant Kester LLC in the *McKinnon* action and plaintiff State of Wisconsin in *State of Wisconsin* action to transfer of their respective following actions to the United States District Court for the District of South Carolina; and motions of defendants 3M Company in the *Fleming* action and United States of America in the *Dumais* action to transfer their respective following actions to the United States District Court for the District of South Carolina:

Northern District of Alabama

FLEMING, ET AL. v. 3M COMPANY, ET AL., C.A. No. 6:22−00285

Central District of California

MCKINNON, ET AL. v. APPLIED INDUSTRIAL TECHNOLOGIES, ET AL., C.A. No. 8:22−01398

District of New Hampshire

DUMAIS, ET AL. v. UNITED STATES OF AMERICA, ET AL., C.A. No. 1:22−00112

Western District of Wisconsin

STATE OF WISCONSIN v. 3M COMPANY, ET AL., C.A. No. 3:22−00412

**MDL No. 2921 − IN RE: ALLERGAN BIOCELL TEXTURED BREAST IMPLANT PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Nicole to transfer of the following action to the United States District Court for the District of New Jersey:

Middle District of Florida

MALKEMES v. ALLERGAN USA, INC., ET AL., C.A. No. 8:22−02030

**MDL No. 2924 − IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff James Marlen to transfer of the following action to the United States District Court for the Southern District of Florida:

Southern District of Illinois

MARLEN v. VONDERHEIDE, ET AL., C.A. No. 3:22−01989

**MDL No. 2936 − IN RE: SMITTY'S/CAM2 303 TRACTOR HYDRAULIC FLUID MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Motion of plaintiff Nationwide Agribusiness Insurance Company for remand, pursuant to 28 U.S.C. § 1407(a), of the following action to the United States District Court for the Eastern District of Louisiana:

Western District of Missouri

NATIONWIDE AGRIBUSINESS INSURANCE COMPANY v. SMITTY'S SUPPLY, INC., ET AL., C.A. No. 4:21−00071 (E.D. Louisiana, C.A. No. 2:20−02890)

MDL No. 2949 − **IN RE: PROFEMUR HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Joan Parise to transfer of the following action to the United States District Court for the Eastern District of Arkansas:

Western District of Wisconsin

PARISE v. WRIGHT MEDICAL TECHNOLOGY, INC., ET AL., C.A. No. 3:22−00324

MDL No. 2973 − **IN RE: ELMIRON (PENTOSAN POLYSULFATE SODIUM) PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Melissa Morrison, et al., to transfer of the following action to the United States District Court for the District of New Jersey:

Southern District of California

MORRISON, ET AL. v. TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC., ET AL., C.A. No. 3:22−01074

MDL No. 3014 − **IN RE: PHILIPS RECALLED CPAP, BI−LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Jane and Gary Spillman to transfer of their respective following actions to the United States District Court for the Western District of Pennsylvania:

Northern District of Illinois

SCHIRMACHER v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 1:22−04356

District of Massachusetts

SPILLMAN v. PHILIPS RS NORTH AMERICA LLC, ET AL., C.A. No. 1:22−11267

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a)   Schedule. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b)   Oral Argument Statement. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard.  Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

(i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c)   Hearing Session. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

(i) the dispositive issue(s) have been authoritatively decided; or

(ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.  Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d)   Notification of Oral Argument. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

(i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

(ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e)   Duty to Confer. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f)   Time Limit for Oral Argument. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.